IN THE UNITED STASTES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 18-10097-JWB |
| MICHAEL GOLIGHTLEY, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the court on Defendant's motion for release pending appeal. (Doc. 107.) The motion has been fully briefed and the court is prepared to rule. (Docs. 108, 109.) For the reasons stated herein, Defendant's motion is DENIED.

### I.   Facts and Procedural History

Defendant was charged by indictment with seven counts of intentional damage to a protected computer, 18 U.S.C. § 1030(a)(5)(A), and one count of threat to damage a protected computer, 18 U.S.C. § 1030(a)(7). (Doc. 1.) The case was tried to a jury in April 2019. Defendant moved for judgment of acquittal on several grounds, including that the government had not proved the interstate commerce element on all counts. The court denied the motion. On April 11, 2019, the jury found Defendant guilty on all counts. (Doc. 72.)

After the return of the verdict, the court permitted Defendant to remain on bond. On April 29, the probation office learned that Defendant was terminated from his employment. However, Defendant did not report this to the probation officer as was required per the bond conditions. The probation officer was also informed by Defendant's parents that on or about May 2, Defendant

moved out of his apartment. Defendant did not report a change in residence to his probation officer. (Doc. 73.) On May 3, this court issued an arrest warrant. At a hearing on the bond violations, Defendant admitted that he failed to report his termination. However, Defendant's attorney proffered evidence from Defendant's landlord and friend that Defendant continued to reside in his apartment. The court asked the probation officer to proffer the information that she had been told. The probation officer stated that Defendant's mother was concerned about Defendant's mental health due to the convictions. (Doc. 106 at 8-9.) The court did not make a finding on the record regarding whether Defendant changed his residence. The court determined that Defendant violated the conditions of his bond by failing to report the change in employment and failing to maintain employment. The court revoked the bond and ordered Defendant detained. (Doc. 76.)

On July 2, 2019, Defendant was sentenced to twenty-seven months imprisonment on each count to run concurrently. (Doc. 84.) The calculation of the Sentencing Guidelines was based on the count with the highest base offense level, which was count 8, the threat to damage a protected computer. (Doc. 80 at 11.) The total offense level was 18 after there were no additional adjustments from the base offense level. Defendant's criminal history did not result in any points and, therefore, he was in criminal history category I. The range for his sentence under the Guidelines was 27 to 33 months.

Defendant filed a notice of appeal to the Tenth Circuit. (Doc. 86.) With respect to the seven counts of intentional damage to a computer, Defendant challenges the jury instructions and jury determination as to the amount of loss. Essentially, Defendant argues that the instruction on loss was erroneous due to the failure to instruct on the effect on one or more protected computers, failure to instruct the jury to find the loss as to each count, and failure to find loss by the requisite

standard of proof. Defendant's appeal as to this issue seeks a remand for sentencing on counts 1 through 7. Defendant does not ask for a new trial. With respect to count 8, Defendant argues that the interstate commerce element was not supported by the evidence at trial and seeks a reversal of that conviction.

Defendant now moves for release pending the final resolution of his appeal to the Tenth Circuit.

**II.     Analysis**

Defendant seeks release pending appeal under 18 U.S.C. § 3143(b)(1). This statute mandates detention pending appeal unless the court finds that (A) the "person is not likely to flee or pose a danger to the safety of any other person or the community if released," and (B) the appeal is not for the purpose of delay, raises a substantial question of law or fact, and that if the substantial question is decided favorably to defendant on appeal, that decision is likely to result in (i) "reversal," (ii) "an order for a new trial," (iii) "a sentence that does not include a term of imprisonment," or (iv) "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(A)–(B). In this case, Defendant argues that he can establish all statutory requirements and that if he is successful on appeal his sentence on remand will be less than the total of time already served plus the expected duration of the appeal.

Defendant must first show by clear and convincing evidence that he poses no danger to the safety of any other person and is not a flight risk. *Id.* The government does not contest that Defendant is not a danger to the community but argues that he is a flight risk.

Defendant's plan of release is to live in a rental home owned by a friend, Jim Lewis, in Larned, Kansas. Defendant lived in Larned prior to his incarceration. According to Defendant,

3

Lewis will not charge Defendant rent until Defendant obtains employment.  Defendant advises that he has complied with the court's recommendation to work towards obtaining his GED while incarcerated.  Defendant has taken classes but is unable to take the examination as it is not offered at his prison.  Defendant's motion also asserts that he will comply with this court's conditions.

The government contends that Defendant is a flight risk because he did not comply with this court's previous conditions.  As noted, Defendant did not inform his probation officer that he was terminated from his employment.  However, the court did not make any findings regarding a change in residency.  Therefore, the only previous violation that was found by the court was failing to report the termination of Defendant's employment.  This violation, in and of itself, is not sufficient to support a finding that Defendant is a flight risk.  *See United States v. Raymond*, 101 F. App'x 331, 333 (10th Cir. 2004) (Defendant is not a flight risk when probation violations did not involve situations that would indicate flight risk).  Based on Defendant's plan after release and his performance on bond during this case, the court finds that Defendant has established that he is not likely to flee.

Next, Defendant must show that his appeal is not for delay and it involves a substantial question of law or fact.  The government does not dispute that the appeal is not taken for delay. The government does not make any argument or even state its position regarding whether the appeal involves a substantial question of law or fact.  Instead, the government tacitly concedes this issue and states that Defendant cannot show that if he is successful on appeal that the sentence on remand would be less than the total time he has been incarcerated plus the duration of the appeal. Because the court agrees that Defendant has not shown that his sentence on remand would be less than the total time he has been incarcerated plus the duration of the appeal, the court will proceed directly to that issue.

4

The statute requires that Defendant show by a preponderance of the evidence that if he is successful on appeal, he would receive a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. *See United States v. Meyers*, 95 F.3d 1475, 1489 (10th Cir. 1996); 18 U.S.C. § 3143(b)(1)(B)(iv). In his motion, Defendant argues that he would be entitled to a sentence of less than twelve months if he is successful on appeal as his convictions would be misdemeanors instead of felonies. Defendant, however, does not point to authority to show that his sentence would be less than twelve months on remand.

As discussed, Defendant's presentence report utilized count 8 to calculate his sentencing range under the Sentencing Guidelines. Therefore, the court must recalculate the range without count 8, which would be vacated if Defendant is successful on appeal. In doing so, the court reviewed the presentence report and conferred with the United States Probation Officer assigned to this case.

The base offense level for a violation of 18 U.S.C. § 1030 is a 6. USSG §2B1.1(a)(2). Based on the presentence report, the court determined the amount of loss to be $16,978.20.[1] (Doc. 80 at 10.) This amount is not challenged in the appeal. Under the Guidelines, if the loss is more than $15,000, an additional 4 points is added. §2B1.1(b)(1)(C). Additionally, another 4 points is added because Defendant was convicted of violating 18 U.S.C. § 1030(a)(5)(A). USSG §2B1.1(b)(19)(A)(ii). Finally, the sophisticated means enhancement is likely to apply under the facts of this case based on Defendant's actions in causing the distributed denial of service attacks.[2] This enhancement adds 2 points. USSG §2B1.1(b)(10)(C). This brings Defendant's total offense

---

[1] The court did not order restitution to Nex-Tech.
[2] Defendant disagrees that this enhancement would apply. (Doc. 109 at 1.) Although the court has determined that it is likely to apply based on the facts of this case, the court would hear arguments regarding this enhancement at a sentencing date.

5

level to 16.  As a result, Defendant's sentencing range under the Guidelines would likely be 21 to 27 months.

Although the offenses would be misdemeanors under the statute if Defendant is successful on appeal, Defendant would be subject to section 5G1.2(d) of the Guidelines.  That provision requires that "[i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts *shall* run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment."  *United States v. Bly*, 142 F. App'x 339, 343 (10th Cir. 2005) (quoting USSG § 5G1.2(d) (emphasis in original)).  Under that section, the application notes provide that the total punishment is determined after calculating the offense level and the criminal history category.  *Id.* "If no count carries an adequate statutory maximum [to achieve the total punishment], consecutive sentences are to be imposed to the extent necessary to achieve the total punishment."  *Id.* (citing USSG § 5G1.2(d), comment. (n.1) (bracketing in original)).

Therefore, in this case, Defendant's convictions on counts 1 through 7 would be run consecutively, at least in part, to achieve the total punishment of 21 to 27 months.  This range includes Defendant's current sentence which is 27 months.  To be entitled to relief, Defendant must show by a preponderance of the evidence that his sentence on remand would be less than the total time he has served plus the time for the matter to be decided on appeal.  18 U.S.C. § 3143(b)(1)(B).  He has not done so.  Rather, Defendant's initial motion simply assumes that his sentence on remand would be less than twelve months.  In his reply, Defendant does not dispute that the Guidelines range would fall from either 21 to 27 months if it includes the sophisticated means enhancement or 15 to 21 months without the enhancement. (Doc. 109.)  Defendant argues that the court is free to sentence Defendant outside of the Guidelines under the statutory factors.

The court agrees with Defendant's statement and the court makes no definitive determination regarding a potential sentence on remand, if this matter is remanded for resentencing. However, the court sentenced Defendant at the low end of the Guidelines range.

Defendant has been detained for approximately thirteen months. Defendant's appeal has been fully briefed and he is waiting for oral argument. The Tenth Circuit docket sheet reflects that Defendant has recently requested his appeal to be heard by telephone. Because Defendant's appeal has been pending for eleven months and is fully briefed, it is unlikely that the appeal would continue to pend longer than eight months. Moreover, as noted, the new sentencing range includes Defendant's current sentence.

Defendant has not met his burden to show by a preponderance of the evidence that his sentence on remand would be less than the total time he has served plus the duration of the appeal. Therefore, release is not available to Defendant under § 3143(b).

**III.   Conclusion**

Defendant's motion for release pending appeal (Doc. 107) is DENIED.

IT IS SO ORDERED. Dated this 15th day of June 2020.

                                                                           _s/ John W. Broomes_\
                                                                           JOHN W. BROOMES\
                                                                           UNITED STATES DISTRICT JUDGE